# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs June 22, 2010

## STATE OF TENNESSEE v. JOSEPH VALENTINE HILL

**Direct Appeal from the Circuit Court for Bedford County**
**No. 16847    Franklin L. Russell, Judge**

**No. M2009-02258-CCA-R3-CD - Filed February 16, 2011**

Defendant, Joseph Valentine Hill, was charged with one count of DUI, second offense, a class A misdemeanor, and with seven counts of aggravated assault with a deadly weapon, a class C felony.  He entered pleas of guilty as charged in each count and submitted to a sentencing hearing with no agreement as to the length or manner of service of the sentences. The trial court sentenced Defendant to four years for each aggravated assault conviction and to 11 months and 29 days for the DUI second offense conviction.  The DUI sentence and three of the aggravated assault sentences were ordered to be served concurrently with each other.  The remaining four aggravated assault sentences were ordered to be served concurrently with each other, but consecutively to the first grouping of sentences, for an effective sentence of eight years.  The trial court ordered the eight-year sentence to be served in incarceration.  Recognizing that the DUI, second offense conviction requires a mandatory minimum period of incarceration, Defendant argues on appeal that the trial court erred by declining to grant him probation after serving the above-noted mandatory minimum confinement.  After careful review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JERRY L. SMITH and J.C. MCLIN, JJ., joined.

Donna Leigh Hargrove, District Public Defender; and Andrew Jackson Dearing, III, Assistant Public Defender; Michael Collins, Assistant Public Defender; and Catherine H. Hickerson, Assistant Public Defender, Shelbyville, Tennessee, for the appellant, Joseph Valentine Hill.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William Michael McCown, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

## I. Factual Background

At the guilty plea submission hearing, the prosecutor stated the following as the factual basis for the guilty pleas:

> The factual basis is on the date alleged in the indictment, April 7, 2009, almost simultaneously - - or I won't say simultaneously, but the communications center, the 911 communication center began receiving a string of calls that they easily linked together as being part of the same course of conduct.
>
> And it was about a driver of a vehicle between the stretch of Highway on 41A between Tullahoma and Shelbyville, essentially hitting cars and running cars off the road and things like that. Literally, they would get a call from someone and then when they would try to nail down where it was, it was clear that it was the - - it was something that was moving closer and closer to Shelbyville.
>
> Ultimately what happened is, the car that the comm [sic] center was getting calls on, the vehicle was - - ultimately it went off the road also. But what happened was, the defendant essentially hit three different cars on the way from Tullahoma to Shelbyville before he was - - he came to a stop also.
>
> The first vehicle was a 2001 Jeep Cherokee, driven by Jerry Hayes and occupied by Kevin Vaughn and Michael Vaughn. They say that the vehicle rear-ended them, rammed into the back of them and then clipped them as it passed them and actually forced them off the road.
>
> The second vehicle, which was, again, a little bit closer to Shelbyville, was a 2002 Cavalier, which was driven by Maria Esther Albarran, that's spelled A-l-b-a-r-r-a-n, Canas, C-a-n-a-s, and occupied by, I believe, her daughter, Martha Albarran. They were also rear-ended and side-swiped and had to pull to the side of the road. They actually had to go to the hospital and

were both diagnosed with acute cervical strain. And Ms. Canas was also diagnosed with acute lumbar strain from the accident.

The third and final vehicle that was hit was a 2008 Trail Blazer, driven by David York and occupied by Charlotte York. And they both also had to go to the hospital and were diagnosed with acute lumbar strain.

The defendant's vehicle - - he was eventually stopped. Law enforcement had to respond to all three of these locations along the way. It took quite a bit of - - took most part of the on-duty law enforcement to respond to these various locations.

One of the things, of course, they did was take a blood sample from the defendant. It was sent to the TBI - - and I don't know that I've said this, but the defendant was the driver of the vehicle involved in these previous three collisions.

They did take a blood sample of the defendant, it was sent to the TBI crime laboratory. His blood alcohol came back a .27.

At the time of the sentencing hearing, Major Jan Phillips was a thirty-two-year employee with the Shelbyville Police Department. Major Philips acknowledged having "a pretty good sense" of the types and volume of crimes committed both in Shelbyville and in Bedford County. Major Phillips testified that DUI was a frequently committed crime in both the city and county, that there was a great need for deterrence, that there was "a great many DUIs that were the cause of a vehicle accident of some sort," and that incarceration does provide a deterrence to the commission of DUI.

No other witnesses testified, but Defendant gave an unsworn statement to the court. In his statement, Defendant apologized to the victims and their family members, described his educational and employment background, and described how the death of his wife in October 2008 had contributed to his abuse of alcohol. He acknowledged he needed help to achieve sobriety.

From the pre-sentence report, to which Defendant made no objection nor requested correction, we glean the follow facts relevant to sentencing in this case. Defendant was 45 years old at the time of sentencing, and had received both an undergraduate and a Master's degree in geology from the University of Iowa. He was employed as a geological programs manager by Sems, Inc. in Murfreesboro from September 1997 until September 1, 2008. He was terminated from his employment because of alcohol abuse which began to interfere with

his work in late 2007. His employer told Defendant that he could reapply for his position if he received treatment for his alcoholism. Defendant had already attempted treatment at Cumberland Heights Treatment Center in Nashville from August 1, 2008 through August 16, 2008, which was apparently provided by his employer in an attempt to curtail his alcohol abuse. Prior to the sentencing hearing, the former employer stated he would consider re-hiring Defendant if Defendant could show that he had stopped drinking.

Defendant's wife died from cancer on October 5, 2008. The investigating officer who prepared the presentence report stated that "[Defendant] drank socially through high school and escalated his usage to a 6 pack of beer a day. [Defendant] stated that he started to drink excessively after the death of his wife." Defendant has no children, and was not employed after his termination from employment in September 2008.

Defendant was arrested for driving under the influence of intoxicants on March 6, 2009, in Davidson County. He was on bond from this offense when he committed the offenses in the case *sub judice* on April 7, 2009. He was found guilty of the Davidson County DUI on April 21, 2009. His only other prior criminal record was a traffic offense, speeding, in 2006.

Prior to pleading guilty on August 21, 2009, Defendant wrote a letter addressed to the trial judge on August 11, 2009. The first paragraph of that letter states as follows:

I am respectfully writing this letter to inform you concerning the circumstances of my case. I am guilty of driving under the influence of alcohol on April 7, 200[9]. I made a serious error in judg[]ment. No one was injured during the accident. Three automobiles were damaged that was covered by my insurance company ([    ]). Therefore, the felony charges against me are actually a DUI with associated property damages.

Defendant went on to state that he wanted to enter a treatment center for his alcoholism. He stated that his alcoholism "began in earnest" when his wife was "diagnosed with cancer 2-3 years ago." Defendant also added that he had "never been in trouble with the law."

Since Defendant has only challenged the denial of alternative sentencing in his appeal, we will limit our discussion of the trial court's sentencing decision only as it is relevant to this issue. Specifically, as to alternative sentencing the trial court made the following findings:

-4-

On alternative sentencing, we are aware that there is a presumption in favor of alternative sentencing, but there are several factors which suggest to me that it's not appropriate here. One of the things I am to examine is potential or lack of potential for rehabilitation, including the risk of committing another crime while on probation. Although his criminal record is short, it does appear that there is a lack of control on his part in dealing with this alcohol problem when he is out. I remind you, again, of the timing of the Cumberland Heights visit and the fact that there certainly were problems after that. He was still out on bond from one DUI when he gets another one. I think he is not an appropriate candidate for alternative sentencing for that reason alone.

Also, we're aware that deterrence is a factor to be considered. And we've had undisputed testimony here from Major - - from the Major from the police department about the problem of DUIs here and the effectiveness of incarceration as a deterrence. So, respectfully, I'm not going to grant alternative sentencing here.

## II. Analysis

When reviewing sentencing issues, the appellate court shall conduct a *de novo* review on the record of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct. Tenn. Code Ann. § 40-35-401(d). "[T]he presumption of correctness 'is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" *State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991)). "If . . . the trial court applies inappropriate mitigating and/or enhancement factors or otherwise fails to follow the Sentencing Act, the presumption of correctness fails." *Id*. at 345 (citing *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992)). The defendant bears "the burden of showing that the sentence is improper." *Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

With regard to alternative sentencing, Tennessee Code Annotated section 40-35-102(5) provides as follows:

In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration . . .

A defendant who does not fall within the class of offenders "and who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). A court shall consider, but is not bound by, the advisory sentencing guideline in this subdivision (6). Tenn. Code Ann. § 40-35-102(6); *see also Carter*, 254 S.W.3d at 347. Furthermore, with regard to probation, a defendant whose sentence is ten years or less is eligible for probation. Tenn. Code Ann. § 40-35-303(a).

However, all offenders who meet the criteria for alternative sentencing are not entitled to relief; instead, sentencing issues must be determined by the facts and circumstances of each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986). Even if a defendant is a favorable candidate for alternative sentencing under Tennessee Code Annotated section 40-35-102(6), a trial court may deny an alternative sentence because:

(A)     Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B)     Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C)     Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . .

Tenn. Code Ann. § 40-35-103(1)(A), (B), (C).

In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated section 40-35-103(5), which states, in pertinent part, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(5); *State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). The trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation. *See State v. Nunley*, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); *see also State v. Bunch*, 646 S.W.2d 158, 160-61 (Tenn. 1983); *State v. Zeolia*, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996); *State v. Williamson*, 919 S.W.2d 69, 84 (Tenn. Crim. App. 1995); *Dowdy*, 894 S.W.2d at 305-06.

We conclude that the trial court properly considered the statutory sentence principles and all relevant factors. Accordingly the trial court's decision is entitled to a presumption of correctness on appeal.

Defendant was less than candid in his letter to the trial court on August 11, 2009 (prior to his guilty plea), when he said that "[n]o one was injured during the accident." In the same letter he minimized the seriousness of the offenses when he characterized the multiple aggravated assault felony charges against him as "a DUI with associated property damages." Despite the fact he had been arrested for DUI in Davidson County on March 6, 2009, and been found guilty of that offense on April 21, 2009, Defendant further stated in the same letter that he had "never been in trouble with the law."

Further, the trial court noted the sequence of events in Defendant's life in considering whether to grant an alternative sentence. Defendant was gainfully employed from September 1997 until September 2008. According to his employer, Defendant's alcohol abuse began to interfere with his job performance in the latter portion of 2007, about the same time as Defendant's wife was diagnosed with cancer. Defendant had been allowed to work at home, but due to his alcohol abuse, it became necessary for his employer to require Defendant to work at the office site. However, he began to leave the office site and consume alcohol, and had to be driven home on more than one occasion. His employer provided alcohol counseling for him to curtail Defendant's alcohol abuse. Defendant went to treatment at Cumberland Heights Treatment Center from August 1, 2008 until August 16, 2008, and he told the presentence investigation officer that he left because of his "successful completion" of the program. However, Defendant was terminated from his employment two weeks later, and was told by his employer that if "he received treatment for his alcoholism, he could reapply for his position." Defendant's wife died on October 5, 2008. Defendant told the presentence investigation officer that he "started to drink excessively after the death of his wife."

On March 6, 2009, Defendant was arrested for DUI in Davidson County and was released on bail for this offense (for which he was convicted on April 22, 2009) when he committed the multiple offenses in the case *sub judice* on April 7, 2009. In the case on appeal, Defendant's blood alcohol level was 0.27, more than three times the amount necessary to establish an inference of intoxication in a DUI offense. *See* Tenn. Code Ann. § 55-10-401(a)(2). While driving a vehicle on Highway 41A from the direction of Tullahoma toward Shelbyville, Defendant struck three difference vehicles at three separate locations, (both rear-ending and side-swiping the first two vehicles), before traveling on down the road and eventually running off the road himself and finally coming to a stop.

We are not unsympathetic to Defendant's personal loss prior to the commission of his criminal offenses. However, the facts and circumstances of this case, as set forth above, indicate a poor potential for rehabilitation by any form of probation. Accordingly, we conclude that Defendant has failed to meet his burden that the sentence is improper. He is not entitled to relief in this appeal.

## CONCLUSION

The judgments of the trial court are affirmed.

_____
THOMAS T. WOODALL, JUDGE